# United States District Court
## Central District of California
### SENTENCING

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**    CR 12-1017 ABC |
| **Defendant**   Robert Eugen Ziff | **Social Security No.** 8  5  9  6 |
| akas: | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 09 | 23 | 13 |

**COUNSEL**     **Vicki Podberesky, Retained**
(Name of Counsel)

**PLEA**     [✓] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.    [ ] **NOLO CONTENDERE**    [ ] **NOT GUILTY**

**FINDING**    There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
POSSESSION OF CHILD PORNOGRAPHY 18:2252A(a)(5)(B), (b)(2): as charged in Count 1 of the Indictment.

**JUDGMENT AND PROB/COMM ORDER**    The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

It is ordered that defendant shall pay to the United States a total fine of $15, 000.00, which shall bear interest as provided by law.

The fine shall be paid in full no later than 60 days after sentencing.

The defendant shall comply with General Order No. 01-05.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Robert Eugen Ziff, is hereby committed on Count 1 of the Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of ten (10) years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02.

USA vs.   Robert Eugen Ziff                                    Docket No.:   CR 12-1017 ABC

2.   During the period of community supervision, the defendant shall pay special assessment and fine in accordance with this judgment's orders pertaining to such payment.

3.   When not employed or excused by the Probation Officer for schooling, training, or other acceptable reasons, the defendant shall perform 20 hours of community service per week as directed by the Probation Officer.

4.   The defendant shall cooperate in the collection of DNA sample from the defendant.

5.   The defendant shall apply monies received from income tax refunds, lottery winnings, inheritance, judgments, and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation.

6.   The defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs), which have been disclosed to the Probation Officer upon commencement of supervision. Any changes or additions are to be disclosed to the Probation Officer prior to the first use. Computers and computer-related devices included are personal computers, personal data assistants (PDAs), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

7.   All computers, computer-related devices, and their peripheral equipment, used by the defendant, shall be subject to search and seizure.  This shall not apply to items used at the employment's site, which are maintained and monitored by the employer.

8.   The defendant shall comply with the rules and regulation of the Computer Monitoring Program.  The defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

9.   The defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where he resides, where he is an employee, and where he is a student, to the extent the registration procedures have been established in each jurisdiction.  When registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from his jurisdiction of residence.  The defendant shall provide proof of registration to the Probation Officer within three days of release from imprisonment.

10.  The defendant shall participate in a psychological counseling or psychiatric treatment of

| USA vs. | Robert Eugen Ziff | Docket No.: | CR 12-1017 ABC |
|---|---|---|---|

sex offender treatment program, as approved and directed by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions of such program. The Probation Officer shall disclose the presentence report or any previous mental health evaluations or reports to the treatment provider.

11. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychological/psychiatric discorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer.

12. The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video gams depicting and/or describing "sexually explicit conduct", as defined at 18 U.S.C. § 2256 (2).

13. The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video gams depicting and/or describing child pornography, as defined at 18 U.S.C. § 2256(8); This condition does not prohibit the defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit him from possessing materials prepared and used for the purpose of his Court-mandated sex offender treatment, when the defendant's treatment provider or the probation officer has approved of his possession of the materials in advance.

14. The defendant shall not own, use or have access to the services of any commetical mail-receiving agency, nor shall he open or maintain a post office box, without the prior written approval of the Probation Officer.

15. The defendant shall not frequent or loiter within 100 feet if school yards, parks, public swimming pools, playgrounds, youth centers, video arcades facilities, or other places primarily used by persons under the age of 18, unless the defendnat receives written permission from the Probation Officer.

16. The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent of legal guardian of said minor; and (b) on the condition that the defendant notify said parent or legal guardian of conviction in the instant offense/prior offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc. with whom the defendant must deal with in order to obtain ordinary and usual commercial services.

USA vs. Robert Eugen Ziff                                        Docket No.:   CR 12-1017 ABC

17. The defendant shall not affiliate with, own, control, volunteer and/or be employed in any capacity by a business and/or organization that causes him to regularly contact persons under the age of 18.

18. The defendant shall not affiliate with, own, control, and/or be employed in any capacity by a business whose principal product is the production and/or selling of materials depicting and/or describing "sexually explicit conduct, " as defined at 18 U.S.C. § 2256 (2).

19. The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. The defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

20. The defendant shall participate for a period of 12 months in a Home Detention Program, which may include electronic monitoring, GPS, Alcohol Monitoring Unit or automated identification systems and shall observe all rules of such program, as directed by the Probation Officer. The defendant shall maintain a residential telephone line without devices and/or services that my interrupt operation of the monitoring equipment.

It is further **ORDERED** that the defendant surrender himself to the institution designated by the Bureau of prisons on or before 12:00 noon, on December 31, 2013. In the absence of such designation, the defendant shall report on or before the same date and time to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012.

Bond is hereby exonerated upon surrender.

Defendant waives right to appeal. Defendant informed of right to appeal.

The drug testing condition mandated by the statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The Court authorizes the Probation Officer to disclose the Presentence Report, and/or any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide information (excluding the Presentence report), to the State of local social service agencies (such as the State of California, Department of Social Service), for the purposed of the Client's rehabilitation.

The Court recommends that defendant participate in  mental health treatment, which may include evaluation and counseling until discharged from the treatment by the treatment provider, with the Probation Officer's approval.

The Court further recommends that defendant be incarcerated, consistent with security and housing concerns within the Bureau of Prisons, that the defendant be housed in a correctional facility in

| USA vs. Robert Eugen Ziff | Docket No.: CR 12-1017 ABC |
|---|---|

Southern California and if possible at the Metropolitan Detention Center.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| 9/23/13 | | *Audrey B. Collins* |
|---|---|---|
| Date | | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| 9/23/13 | By | A. Bridges /s/ |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

| | |
|---|---|
| USA vs.   Robert Eugen Ziff | Docket No.:   CR 12-1017 ABC |

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

USA vs.   Robert Eugen Ziff                                                    Docket No.:   CR 12-1017 ABC

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663©; and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

| | | | |
|---|---|---|---|
| USA vs. | Robert Eugen Ziff | Docket No.: | CR 12-1017 ABC |

# RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____ By _____
Date                      Deputy Marshal

# CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____ By _____
Filed Date                Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

| | |
|---|---|
| USA vs.   Robert Eugen Ziff | Docket No.:   CR 12-1017 ABC |

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.


(Signed)_____        _____
        Defendant                                                                                        Date


_____                          _____
U. S. Probation Officer/Designated Witness                             Date

# NOTICE PARTY SERVICE LIST

**Case No.** _____   **Case Title** _____

**Title of Document** _____

| | | | | |
|---|---|---|---|---|
| ☐ | ADR | | ☐ | US Attorneys Office - Civil Division -L.A. |
| ☐ | BAP (Bankruptcy Appellate Panel) | | ☐ | US Attorneys Office - Civil Division - S.A. |
| ☐ | BOP (Bureau of Prisons) | | ☐ | US Attorneys Office - Criminal Division -L.A. |
| ☐ | CA St Pub Defender (Calif. State PD) | | ☐ | US Attorneys Office - Criminal Division -S.A. |
| ☐ | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | ☐ | US Bankruptcy Court |
| ☐ | Case Asgmt Admin (Case Assignment Administrator) | | ☐ | US Marshal Service - Los Angeles (USMLA) |
| ☐ | Chief Deputy Admin | | ☐ | US Marshal Service - Riverside (USMED) |
| ☐ | Chief Deputy Ops | | ☐ | US Marshal Service -Santa Ana (USMSA) |
| ☐ | Clerk of Court | | ☐ | US Probation Office (USPO) |
| ☐ | Death Penalty H/C (Law Clerks) | | ☐ | US Trustee's Office |
| ☐ | Dep In Chg E Div | | ☐ | Warden, San Quentin State Prison, CA |
| ☐ | Dep In Chg So Div | | | |
| ☐ | Federal Public Defender | | | |
| ☐ | Fiscal Section | | | |
| ☐ | Intake Section, Criminal LA | | | |
| ☐ | Intake Section, Criminal SA | | | |
| ☐ | Intake Supervisor, Civil | | | |
| ☐ | MDL Panel | | | |
| ☐ | Ninth Circuit Court of Appeal | | | |
| ☐ | PIA Clerk - Los Angeles (PIALA) | | | |
| ☐ | PIA Clerk - Riverside (PIAED) | | | |
| ☐ | PIA Clerk - Santa Ana (PIASA) | | | |
| ☐ | PSA - Los Angeles (PSALA) | | | |
| ☐ | PSA - Riverside (PSAED) | | | |
| ☐ | PSA - Santa Ana (PSASA) | | | |
| ☐ | Schnack, Randall (CJA Supervising Attorney) | | | |
| ☐ | Statistics Clerk | | | |

☐ ***ADD NEW NOTICE PARTY***
**(if sending by fax, mailing address must also be provided)**

Name:

Firm:

Address (*include suite or floor*):

*E-mail:

*Fax No.:

* For CIVIL cases only

***JUDGE / MAGISTRATE JUDGE (list below):***

**Initials of Deputy Clerk** _____